## Calabrese
## v.
## Miller's Country Place
*[Cite as 3 AOA 241]*

*Case No. 89CA004597*
*Lorain County, (9th)*
*Decided May 9, 1990*

*Harvey E. Tessler and Charles J. Consiglio, Attorneys at Law, 850 Euclid Ave., 801 Citizens Bldg., Cleveland, OH 44114, for Plaintiff.*

*Thomas M. Pahys, Attorney at Law, 18123 Sloane Ave., Lakewood, OH 44107, for Defendant.*

CACIOPPO, J.

Joseph Calabrese was injured while performing a task within the course of his employment. This incident was the basis for Calabrese filing a complaint alleging an intentional tort against his

employer, Miller's Country Place, Inc. (Miller's) and a cause in negligence against his employer's landlord, Molly Company, Ltd. (Molly Co.). The complaint also named as defendants, Constantine Corpas, the general partner of Molly Co., and the several limited partners.

Prior to the filing of a responsive pleading, Calabrese voluntarily dismissed the Molly Co. limited partners. Calabrese also filed a first amended complaint. The amended complaint was similar to the complaint, with the addition of specific facts to support the intentional tort claim. Responsive pleadings were not filed.

The trial court considered and granted motions to dismiss the causes of action, filed pursuant to Civ. R. 12(b)(6). The trial court held that as to Molly Co., the amended complaint failed "to state a claim upon which relief can be granted," and as to Miller's, "the case is precluded by the exclusivity provisions of Section 35, Article II of the Ohio Constitution and R.C. 4123.74."

Calabrese appeals.

### ASSIGNMENT OF ERROR I

"The common pleas court erred by granting a motion to dismiss the complaint, as amended, against Molly Company, Ltd., and Constantive Corpas, on the ground that it fails and state a claim upon which relief can be granted."

Calabrese contends that the second claim of the first amended complaint states a cause of action against Molly Co. upon which relief could be granted. Calabrese proposes that a cause of action exists against a property owner where a third party is injured on the property, despite a lease which transfers possession and control of this property to a lessee. Calabrese supports this proposition with cited authority in Ohio Jurisprudence 3d. Calabrese also cites this court's decision in *Young* v. *Mager* (1974), 41, Ohio App. 2d 60.

A review of the cited authority discloses that the proposition of law does not apply to the facts which Calabrese alleges. The case law upon which Calabrese relies arose from situations where the landlord maintained a nuisance, or injury occurred in a common area of which the landlord maintained possession or control.

Calabrese does not allege, nor is it reasonable to infer from the first amended complaint, that Molly Co. maintained a nuisance. Also, Calabrese does not allege, nor is it reasonable to infer from the first amended complaint, that the stairway upon which the injury occurred was a common area or a public access of which Molly Co. maintained possession and control. This court stated in *Young, supra,* at 63, that "[t]he general rule is that a landlord out of possession and control is not ordinarily liable for the condition of the premises.". Therefore, the trial court did not err in reviewing the face of the complaint and finding that a claim upon which relief could be granted was not stated.

The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The court erred by granting a motion to dismiss the complaint, as amended, against Miller's Country Place, Inc. on the ground that it fails to state a claim upon which relief can be granted, under Ohio Constitution Article II, Section 35, and Ohio Revised Code Section 4123.74."

Calabrese contends that R.C. 4121.80 provides a cause of action of intentional tort which is an explicit exception to the exclusivity of R.C. 4123.74. Calabrese argues that the amended complaint alleges with specificity that Miller's acted with knowledge that injury was substantially certain to occur. Therefore, the trial court erred in dismissing the cause of action.

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B) (6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (Conley v. Gibson, 335 U.S. 41, followed.)" *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, syllabus.

"In a case such as this, the employee at all times has the burden to demonstrate that the employer had knowledge amounting to substantial certainty that an injury would take place." *Sanek* v. *Duracote Corp.* (1989), 43 Ohio St. 3d 169, 172, citing *Pariseau* v. *Wedge Products, Inc.* (1988), 36 Ohio St. 3d 124, 127.

"* * *In order to establish an intentional tort, a plaintiff must show proof beyond that required to establish negligence and beyond that required to establish recklessness. When the employer acts despite the knowledge of some risk, the employer's conduct may be negligent. When the risk is great and the probability increases that certain consequences may follow, the employer's conduct may be reckless. As the probability that certain consequences will follow further increases and the certain, or substantially certain, to result from his act, and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. Mere knowledge and appreciation of a risk, however, falls

short of substantial certainty and does not by itself establish intent. *Van Fossen, supra,* at paragraph six of the syllabus; *Kunkler, supra,* at 139, 522 N. E. 2d at 481; Comment b to Section 8A of the Restatement." *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190 191-192, citing *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100; *Kunkler* v. *Goodyear Tire & Rubber Co.* (1988), 36 Ohio St. 3d 135; and I Restatement of the Law 2d, Torts (1965) 15, Section 8A.

In the first amended complaint, Calabrese alleged specific facts in support of the intentional tort claim. Calabrese alleged that he was employed as a cook. Calabrese alleged that Miller's maintained a hazardous condition on the restaurant premises, and he itemized specific unsafe conditions relative to the employee use of a stairway between the kitchen and basement. Calabrese alleged that prior to Miller's purchasing the restaurant, the employees met with representatives of Miller's and Molly Co., at which time the representatives acknowledged the unsafe conditions of the stairs. Calabrese further alleged that despite this knowledge of the unsafe conditions, Calabrese was ordered to assist another employee in carrying a thirty-gallon pot of boiling broth from the kitchen to the basement. In order to complete this task, Calabrese was required to back down the stairs while holding the pot above himself.

In construing a complaint upon a motion to dismiss for failure to state a claim, this court must presume that all the alleged facts are true and make all reasonable inferences in favor of the non-moving party. *Mitchell, supra,* at 192. Unsupported conclusions are not sufficient to withstand a motion to dismiss. *Id.* at 193.

In a footnote, the Supreme Court of Ohio acknowledges that problems arise when it is difficult to distinguish "unsupported conclusions" from alleged "facts" which appear in a pleading and therefore the more complete consideration afforded under Civ. R. 56 (summary judgment) may be necessary rather than disposition under Civ. R. 12(B)(6). *Id.* Although the express legislative intent is to promote prompt judicial resolution of the question of whether a suit based upon a claim of an intentional tort prosecuted under R.C. 4121.80 is or not an intentional tort, the statute offers express support for the Supreme Court's footnote, in recognizing Civ. R. 56 and a directed verdict as appropriate procedures to promote the legislative intent. R.C. 4121.80(C).

In reviewing the first amended complaint pursuant to the standards expressed in *Mitchell*

and the therein cited authority, and construing reasonable inferences in favor of Calabrese, such inferences, including that the weight, temperature and consistency of the alleged boiling broth were known to Miller's, this court finds sufficient alleged facts to state a claim for intentional tort. In so finding, this court reiterates that "[v]irtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort." *Mitchell, supra,* at 193.

The second assignment of error has merit.

The trial court's judgment as to Molly Co. is affirmed and the judgment as to Miller's is reversed and remanded for proceedings consistent with this opinion.

> *Judgment affirmed in part,*
> *reversed in part,*
> *and cause remanded.*

BAIRD, J., and REECE, J., concur.