DIXON, Admr., Appellant,

v.

GENERAL MOTORS CORPORATION, Appellee.

[Cite as *Dixon v. Gen. Motors Corp.* (1994), 102 Ohio App.3d 605.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–94–1.

Decided June 13, 1994.

*Williams, Jilek, Lafferty & Gallagher Co., L.P.A., Robert M. Scott* and *Dale M. Grocki,* for appellant.

*Jones, Day, Reavis & Pogue, James E. Young* and *Karen Kazel Poulos,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Victoria Dixon, administrator of the estate of Franklin Dixon, appeals from the judgment of the Common Pleas Court of Defiance

County granting summary judgment in favor of the defendant-appellee, General Motors Corporation ("G.M.").

The appellant's husband, Franklin, was employed by G.M. as a journeyman millwright. Franklin and other millwrights were assigned to the roof repair crew at G.M.'s Defiance plant facility. On September 9, 1986, Franklin fell through the roof and sustained a fatal injury.

In her original complaint, the appellant alleged:

"The intentional infliction of injury and death upon Franklin Dixon, deceased, by General Motors Corporation, which, in knowing violation of the health and safety of its employees and despite the belief that injury and/or death was substantially certain to occur, required plaintiff's decedent, Franklin Dixon, deceased, to work in an environment which entailed his exposure to the unreasonable and dangerous risks and hazards which culminated in his injury· and resulting death."

Subsequently, appellant's complaint was amended twice. In her second and third amended complaints, the appellant alleged that G.M. failed to exercise reasonable care in the design, construction, fabrication, and manufacture of the roof or its parts and components. The appellant further asserted that the subject roof was designed, manufactured, or sold in a defective and unreasonably dangerous condition and that G.M. failed to warn or ihstruct Franklin concerning such condition. The appellant also claimed that G.M. failed to properly supervise the roof replacement activities, failed to provide adequate instruction and warning, failed to provide certain safety equipment, and failed to exercise reasonable care in the selection of appropriate roofing materials. The allegation of intentional infliction of injury and death, set forth above, was not included in any of the amended complaints.

G.M. thereafter filed a motion for summary judgment. After considering the applicable Ohio case law, the trial court granted the motion in favor of G.M.

The appellant now appeals from the judgment of the trial court and asserts the following two assignments of error, which challenge the trial court's findings about an intentional tort claim:

"I. The trial court erred in holding that the evidence proffered by the plaintiff-appellant was insufficient to support her claim of intentional tort in the workplace.

"II. The trial court erred in holding that the plaintiff-appellant's complaint failed to state a cause of action of intentional tort in the workplace."

In its opinion and judgment entry granting summary judgment in favor of G.M., the trial court thoroughly addressed the arguments raised by the appel-

lant's assignments of error. Accordingly, upon the reasoning and authority set forth in the trial court's opinion and judgment entry filed January 5, 1994, in that court and attached hereto as an appendix, we overrule both of the appellant's assignments of error and affirm the judgment of the trial court.

It is therefore ORDERED, ADJUDGED and DECREED that the opinion and judgment entry of the common pleas court filed on January 5, 1994, be and hereby is, adopted and incorporated into this opinion and that a copy of same shall be attached hereto and made a part hereof.

It is further ORDERED, ADJUDGED and DECREED that the judgment of the Court of Common Pleas of Defiance County be, and the same hereby is, affirmed at the costs of the appellant, for which judgment is hereby rendered, and that the cause be remanded to that court for execution.

*Judgment affirmed.*

SHAW, THOMAS F. BRYANT and HADLEY, JJ., concur.

Appendix

JOSEPH N. SCHMENK, Judge.

This cause came on for consideration of defendant General Motors Corporation's ("GMC") motion for summary judgment. This action was commenced against GMC in September 1988 in the Court of Common Pleas of Lucas County, Ohio. Originally, an additional six named and five "John Doe" defendants were parties. Eventually the action was dismissed against all defendants except GMC. It should also be noted that in November 1988, plaintiff, Victoria Dixon, Administrator of the estate of Franklin Dixon, voluntarily dismissed GMC but later, in May 1989, sought and was granted leave to rejoin GMC as a defendant. While plaintiff's initial complaint contained language which could be construed as alleging an intentional tort on the part of GMC, neither the second amended complaint (June 20, 1989) nor the third amended complaint (September 1, 1989) contains such language. Rather, the only specific allegations made against GMC are couched in terms of negligence and product liability.

In October 1989, GMC filed its original motion for summary judgment or, in the alternative, for transfer to a proper venue. In light of the allegations of the third amended complaint, GMC apparently felt it unnecessary to address an intentional tort claim and focused instead upon the unavailability of a "dual capacity" theory to support a negligence/product liability claim against GMC. Responding to the GMC motion, plaintiff essentially conceded her negligence/product liability claim and sought to raise an intentional tort claim, notwithstanding the allegations of the complaint. Subsequently, in April 1991, the Lucas County Court of Common Pleas transferred this case to Defiance

County without ruling on the pending motion for summary judgment. After an initial pretrial conference in this court, supplemental briefs as to the GMC summary judgment motion were filed, focusing on the workplace intentional tort statute, then contained in R.C. 4121.80. Thereafter, the Ohio Supreme Court in *Brady v. Safety–Kleen* (1991), 61 Ohio St3d 624, 576 N.E.2d 722, declared R.C. 4121.80 "unconstitutional in toto." GMC then requested and was granted opportunity to rebrief its motion. Memoranda in opposition and supplemental memoranda in support of the motion have also been filed.

As noted above, plaintiff has conceded her claim as it may be based upon product liability allegations. Clearly, a dual capacity theory is unsupported by the evidentiary materials before the court. Similarily, to the extent that plaintiff's claim is based upon negligence, the claim is barred by the employer's immunity provisions of Section 35, Article II, of the Ohio Constitution and R.C. Chapter 4123. While GMC has devoted significant attention in its briefs to the negligence and product liability claims, the inability of the plaintiff to succeed on these theories is so apparent that a recitation and discussion of the various authorities cited by GMC is unnecessary.

Plaintiff is left with the contention that her negligence allegations of the amended complaint state a cause of action in intentional tort against GMC. If so, with the Supreme Court's decision in *Brady v. Safety Kleen, supra,* the applicable law is that announced in *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, and developed in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, and *Fyffe v. Jeno's, Inc.* 59 Ohio St.3d 115, 570 N.E.2d 1108.

Notwithstanding, plaintiff's reference to notice pleading under Civ.R. 8, it is apparent that plaintiff has not plead a workplace intentional tort. While it must be acknowledged that a complaint is to be liberally construed to do substantial justice and merely a "short plain statement" of facts entitling one to relief is all that is required, clearly this third amended complaint lacks a statement of specific facts showing the employer's intent to injure or knowledge that the injury was substantially certain to occur. *Mitchell v. Lawson Milk Co.,* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. Indeed, in reviewing plaintiff's allegations in light of *Lawson Milk,* it is apparent that plaintiff cannot succeed. Under *Lawson Milk* and Civ.R. 8, plaintiff has stated no cause of action in workplace intentional tort against GMC. Lest plaintiff compare this result to the "rigid and arcane rules of code pleading," it should be noted that before the court is a third amended complaint and a defendant who has once been dismissed. Furthermore, plaintiff's initial complaint, in contrast with the second and third amended complaints did give notice of an intentional tort claim.

Even if plaintiff's allegations were somehow stretched to encompass a *Blankenship* claim, it is apparent on the evidence before the court that the plaintiff could not prevail. While GMC would bear the burden of establishing that no genuine issue of material fact exists on its motion for summary judgment, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. *Van Fossen v. Babcock & Wilcox, supra,* recognizes the Civ.R. 56(E) requirement that a party set forth specific facts showing a genuine issue for trial in order to avoid summary judgment. Even construed most strongly in favor of plaintiff, the evidence before the court falls far short of the three-pronged test announced in *Van Fossen, supra,* and modified by *Jeno's, supra.*

The instant case is strikingly similar to *McCreery v. Cent. Foundry Div., Gen. Motors Corp.,* Defiance County Court of Common Pleas, case No. 30343, cited by GMC as supplemental authority. In neither *McCreery,* nor the instant case, could plaintiff conceivably prove that GMC knew injury to the employee was substantially certain to occur and required the employee to continue to perform the dangerous task. If distinguishable from *McCreery,* the instant case even more clearly requires a grant of summary judgment. As in *Sizemore v. Dresser Industries, Inc.,* Defiance App. No. 988–55, unreported, 1990 WL 252221, the lack of any prior similar incidents is of great significance in this matter. Indeed nothing appears in the evidence to suggest that the work to be performed by Mr. Dixon could have been expected to be anything other than "routine" and "safe" as characterized by his co-workers.

While certainly tragic, Mr. Dixon's death was not the result of any intentional tort on the part of GMC, as that term has been defined in Ohio law.

Based on all the foregoing, it is apparent that GMC is entitled to judgment as a matter of law, and it is therefore ORDERED, ADJUDGED and DECREED that the plaintiff's claims be dismissed, with prejudice. Costs to plaintiff.