BURNS, Appellant,

v.

**LAWSON COMPANY, d.b.a. Dairy Mart, Appellee.**

[Cite as *Burns v. Lawson Co.* (1997), 122 Ohio App.3d 105.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18101.

Decided July 30, 1997.

*Mark Hilkert* and *Michael J. O'Neil*, for appellant.

*Thomas A. Young*, for appellee.

---

MILLIGAN, Judge.

This is an appeal from a summary judgment by the Summit County Court of Common Pleas, dismissing the employment intentional tort claim of Stephen Burns ("the employee") and finding in favor of the Lawson Company, d.b.a. Dairy Mart ("the employer" or "the convenience store" or "the store"). We affirm.

In the early morning hours of October 8, 1992, the employee was shot and severely injured while on duty during an armed robbery of a Dairy Mart convenience store in Akron. As a result of the incident, the employee filed a complaint against the employer asserting an "employment intentional tort" theory of liability. The employee argued that he was entitled to be compensated because he had been required to work in a store known as "the combat zone" for its history of criminal activity, despite knowledge by the convenience store that he was substantially certain to be injured. After discovery, the employer moved for summary judgment, contending that there was an absence of evidence of knowledge with "substantial certainty" of harm, one of the three elements of the employee's claim. The employee filed a response in opposition, alleging that the evidence was legally sufficient, and the employer replied to the employee's arguments against summary judgment. The motion, opposing memorandum, and reply were supported by various affidavits, exhibits, interrogatories, and a deposition. After consideration, the trial court found in favor of the employer. The employee appeals.

## Assignment of Error

"The trial court erred in granting summary judgment to [the employer], as genuine issues of material fact exist regarding whether or not [the employer] committed an intentional tort against [the employee]."

The employee contends that the trial court erred in finding that the evidence was insufficient to establish a jury question on his intentional tort claim against the employer. His contention lacks merit.

Summary judgment is used to resolve relevant issues of law. It is not a "disfavored procedural shortcut, but rather * * * [is] designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. Rule Civ. Proc. 1 * * *." *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d, 265, 276. The standard is well established. A motion for summary judgment must be granted if the moving party demonstrates that there is no

genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. Civ.R. 56(C). See, also, *State ex. rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193.

Once the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to show that there is, indeed, a genuine issue for trial. See, *e.g., Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170–1171; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. While a court must view the evidence most strongly in favor of the party opposing the motion for summary judgment, the motion forces that party to produce evidence on all issues for which that party bears the burden of production at trial. *Wing v. Anchor Media Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Specifically, "in an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee." *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 119, 570 N.E.2d 1108, 1113, quoting *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraph seven of the syllabus.

In order to so perform and avoid summary judgment, an employee must establish all three of the following elements:

"(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Fyffe, supra,* paragraph one of the syllabus.

We analyze the lack of evidence concerning the second element of this cause of action in disposing of the employee's appeal, in particular, the aspect of "knowledge to a substantial certainty." The employee's failure to make a showing sufficient to establish the existence of this essential element necessarily renders all other facts pertaining to the claim immaterial. See *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–2553, 91 L.Ed.2d at 274.

The second prong of the *Fyffe* test requires the employee to prove that the employer knew that harm was substantially certain to occur as a result of a dangerous condition. *Fyffe*, 59 Ohio St.3d at 117, 570 N.E.2d at 1111–1112. See, also, 1 Restatement of the Law 2d, Torts (1965) 15–16, Section 8A; Prosser & Keaton on Torts (5 Ed.1984), Section 8. In other words, the employer must have had actual knowledge of the harm; it is not enough that the employer should have known or even that the employer was reckless. The Ohio Supreme Court expounded upon the intent standard in *Fyffe* at paragraph two of the syllabus:

"[P]roof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk— something short of substantial certainty—is not intent."

Because a summary judgment was rendered in this case, the evidence presented as well as the inferences drawn therefrom must be analyzed in the employee's favor. Nevertheless, in applying the standard of knowledge with substantial certainty to the facts, we are mindful that in setting this rigorous requirement by which to measure an intentional wrong, the Supreme Court of Ohio declared that the standard was meant to limit the instances where intent could be circumstantially inferred. See *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d at 117, 522 N.E.2d at 504–505. This stringent standard is necessitated by the statutory policy underlying the workers' compensation system, which "operates as ·a balance of mutual compromise between the interests of the employer and employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability." *Blankenship v. Cincinnati Milacron Chemicals* (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 508, 433 N.E.2d 572, 577. See, also, *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 172–173, 539 N.E.2d 1114, 1116–1118; *Van Fossen, supra*, 36 Ohio St.3d at 117, 522 N.E.2d at 504–505.

This historic trade-off has significant mutual benefits to both employers and employees. Thus, the Workers' Compensation Act must not be circumvented "simply because a known risk later blossoms into reality." *Id.* at 116, 522 N.E.2d at 504. Instead, the "level of risk exposure [must be] so egregious as to

constitute an intentional wrong." *Sanek v. Duracote Corp.*, 43 Ohio St.3d at 172, 539 N.E.2d at 1117.

The trial court correctly relied on *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, as well as this court's decision in *Richard v. Mr. Hero, Inc.* (Mar. 8, 1989), Summit App. No. 13701, unreported, 1989 WL 21245, in applying the substantial certainty standard. Both cases involved harm to an employee due to the unprovoked and intentional criminal behavior of a third person; neither allowed recovery.

In *Mitchell*, similar to the case *sub judice*, an employee was shot during an armed robbery at a convenience store. In seeking to hold the employer responsible for the shooting, the employee asserted that the employer had committed an intentional tort by requiring the employee to work alone, without reasonable means of security such as alarms and cameras, and without adequate instruction in handling violent situations. The employee maintained that in light of these dangerous working conditions, it could be inferred that the employer knew that the injury was substantially certain to occur. The Supreme Court disagreed. It found that "those facts fail to establish a claim for intentional tort." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d at 192, 532 N.E.2d at 756. Further:

"Even if [the employer] failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that [the employer] knew that injury to its employees was certain, or substantially certain, to result. *This is so, even if we assume that the Lawson store was in a high-crime-rate area.*" (Emphasis added.) *Id.* at 192–193, 532 N.E.2d at 756.

Likewise, in *Richard, supra*, this court concluded that the employer's knowledge that its place of business was located in an area known for crime and knowledge of recent violent criminal attacks resulting in physical injury to its employees was insufficient to establish the required degree of knowledge that another violent crime would again occur against another employee. See *Richard v. Mr. Hero, Inc.*, Summit App. No. 13701, unreported, at 8. Accord, *e.g., Pillar v. Carlyle Mgt. Co.* (Feb. 9, 1989), Cuyahoga App. No. 55334, unreported, 1989 WL 11298, *Bradfield v. Stop–N–Go, Inc.* (Sept. 16, 1987), Montgomery App. No. 10260, unreported, 1987 WL 17103. See, also, *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 193, 583 N.E.2d 1071, 1075 ("[C]riminal behavior of third persons is not predictable to any particular degree of certainty."). While finding that these factual circumstances demonstrated that the employee's work situation was dangerous, we ruled that the employer's "knowledge and appreciation of the risk of harm its employees potentially faced is insufficient to impute knowledge with substantial certainty that this harm would befall its employees." *Richard* at 8.

■ Here, the employer concedes that it had knowledge of a potential for crime at its store. Indeed, the unrefuted evidence shows that security at the store in question consisted of a video camera, an alarm system with a panic button, signs notifying third parties of the limited cash available to the clerk, placement of sales counters toward the front of the store for maximum visibility, and adequate exterior lighting. Employees had also complained to Dairy Mart management that they were scared to go to work because they were aware that criminal conduct was conceivable. In addition, the convenience store employees were trained in robbery prevention and safety.

Nevertheless, despite the evidence showing rampant criminal activity at the convenience store over the years, the trial court rejected the employee's proposition that this statistical data established knowledge on the part of the employer that not only a crime, but harm to an employee, would actually occur. After taking into account the security provided to store employees, the court noted the scarcity of prior violent crimes, and in particular, the complete absence of any evidence that those crimes resulted in injury to the employee. In fact, in evaluating the store's record of criminal activity, the trial court ignored the plethora of nonviolent crimes such as shoplifting, as it found this data irrelevant. Instead, it focused on the previous robberies at the store that involved a weapon or threat of a weapon. The court stated: "The prior armed robberies are relevant evidence, yet eight of ten robberies with no resulting injuries in a three-year period are insufficient to show knowledge with 'substantial certainty.'" We approve this analysis in our independent review of the summary judgment motion.

The Ohio Supreme Court created the "employment intentional tort" as a narrow, not broad, exception to the workers' compensation system. The trial court's well-reasoned decision correctly applies the three-pronged test of *Fyffe* to the specific facts of this case. The trial court acknowledged that notwithstanding the security measures, the employee had to prove not only that the employer knew that the store would again be robbed at gunpoint, but also that there was a substantial certainty that the robbery would end in such a senseless tragedy caused by a gunman's deliberate and heinous act of violence. See, *e.g.*, *Hickman v. Warehouse Beer Sys., Inc.* (1993), 86 Ohio App.3d 271, 274–275, 620 N.E.2d 949, 950–952. There may be circumstances that create a cognizable intentional tort claim without prior injuries; this is not such a case.

The employee has failed to meet his burden with sufficient specificity, see *Fyffe*, 59 Ohio St.3d at 119, 570 N.E.2d at 1112–1113, and the second element in the *Fyffe* formula has not been established. The trial court did not err in

granting summary judgment on behalf of the employer. The employee's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth District Court of Appeals, sitting by assignment.