Judgment Appealed From Is: Reversed and Cause Remanded
DECISION.
The Board of County Commissioners of Hamilton County, Ohio, commenced an action for declaratory judgment against the city of Cincinnati, challenging the city's zoning of certain property owned by the county. The city filed a motion to dismiss the county's complaint, which the trial court granted. The trial court then denied the county's motion for reconsideration of the dismissal. The county filed this appeal.
On October 21, 1997, the county purchased from the state of Ohio a 25-acre site containing nine buildings. The county's proposed use of the property sought to accommodate four needs. These included an emergency management agency, a soil and water conservation district, an Ohio State University Extension, and a juvenile detention facility.
The property is located within the city of Cincinnati and is zoned "R-2" under the city's zoning code. The zoning code does not permit a juvenile detention facility in an R-2 zone.
On June 16, 1998, the county petitioned the Cincinnati City Council to amend the property's zoning from R-2 to R-2 Transitional, which would allow for a juvenile detention facility. The council denied the county's request for a zoning change. The county then filed a complaint for declaratory judgment challenging the constitutionality of the R-2 zoning classification as applied to the property, as well as the city's zoning regulations for juvenile detention facilities.
The trial court granted the city's motion to dismiss the county's complaint on the basis of the home rule provisions of the Ohio Constitution, stating:
On issues of zoning, without state law to preempt, the [c]ity has the superior power and authority to determine the use of the property in question. * * * The [c]ity has the authority under the home rule provisions of the Ohio Constitution to enact its own zoning regulations, even though it directly thwarts the [c]ounty's expressed intentions for the use of the land for public purpose.
While it is true that a city is authorized to enact zoning regulations pursuant to the home rule powers granted by the Ohio Constitution, a municipality's zoning authority remains subject to constitutional scrutiny. See Goldberg Companies, Inc.v. Council of the City of Richmond Heights (1998), 81 Ohio St.3d 207,690 N.E.2d 510; see, also, Cincinnati Bell Telephone Co. v.Cincinnati (1998), 81 Ohio St.3d 599, 693 N.E.2d 212. Zoning regulations are presumed constitutional unless a court determines that they are clearly arbitrary and unreasonable and without substantial relation to the public health, safety, and morals, or to the general welfare of the community. The party challenging the constitutionality of a zoning regulation bears the burden of proof and must demonstrate unconstititutionality beyond fair debate. Id. at 214, 693 N.E.2d at 514-515.
Governmental entities acting as property owners are not absolutely immune from local zoning regulations. When the interests of governmental entities conflict in zoning matters, a court must weigh the general public purposes to be served by the exercise of each power, and resolve the impasse in favor of the power that will serve the needs of the greater number of people.Brownfield v. State (1980), 63 Ohio St.2d 282, 285,407 N.E.2d 1365, 1367. Where compliance with zoning regulations would frustrate the public purpose underlying a particular acquisition of property, a court should consider, among other things, the essential nature of the government-owned facility, the impact of the facility upon surrounding property, and the alternative locations available for the facility, in determining whether the proposed use should be excepted from the zoning regulations. Id.
at 286-287, 407 N.E.2d at 1368.
When reviewing a Civ.R. 12(B)(6) dismissal, we must accept as true the factual allegations of the complaint, and the plaintiff must be afforded the benefit of all reasonable inferences permitted by those allegations. See Vail v. PlainDealer (1995), 72 Ohio St.3d 279, 649 N.E.2d 182, citing Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. A court may dismiss a complaint on a Civ.R. 12(B)(6) motion only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753.
The trial court dismissed the county's complaint by giving controlling effect to the exercise of the city's powers under the constitutional home rule provisions. Though the trial court was correct that the home rule provisions grant municipalities sovereignty in local matters such as zoning, the court's dismissal of the complaint under Civ.R. 12(B)(6) was improper in light of the factual allegations made in the county's complaint. Accepting the truth of those allegations, we cannot say that the county can prove no set of facts in support of its claim for declaratory relief. Where, as here, governmental entities have conflicting interests in a zoning matter, the trial court must proceed to the balancing test set forth in Brownfield,supra, which, in the context of this case, requires factual determinations that cannot be made on the face of what is otherwise a legally sufficient complaint.
We hold, therefore, that the trial court's dismissal under Civ.R. 12(B)(6) was not an appropriate resolution of this case. The sole assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
 Gorman, P.J., and Sundermann, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.