PENCE, APPELLANT, *v.*
BD. OF COMMISSIONERS OF
HAMILTON COUNTY, ET AL.,
APPELLEES; ZUERN

(No. C-880080—Decided
February 15, 1989.)

*Condit & Dressing Co., L.P.A.,* and *John W. Dressing,* for appellant.
*Arthur M. Ney, Jr.,* prosecuting attorney, and *Robert E. Taylor,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Court of Common Pleas.

Evelyn Pence, individually and as administratrix of the estate of her deceased son, Phillip J. Pence ("appellant"), filed a complaint against the

Board of County Commissioners of Hamilton County and Hamilton County, the Sheriff of Hamilton County (Lincoln J. Stokes), the Chief Deputy Sheriff of Hamilton County (Victor Carrelli), the Director of Corrections (Michael Montgomery), the Superintendent of the Community Correctional Institution (William A. Withworth), the Deputy Superintendent of the Community Correctional Institution (Stanley Grothaus), the Chief of Security of that institution (Robert Brockmeyer), and the Supervisor of the Community Correctional Institution (James York). Appellant also named as defendants William G. Zuern, John Does, and the Cincinnati Insurance Company. The demand was for compensatory and punitive damages for the wrongful death of Phillip J. Pence ("Pence"), at the time of his death a corrections officer employed at the Community Correctional Institution ("CCI"). Pence died as a result of being stabbed by Zuern with an instrument fashioned from a piece of wire.[1]

A default judgment was granted against Zuern, the John Does were dismissed, summary judgment was granted in favor of the other defendants, and this appeal followed.

Appellant assigns four errors, each of which protests, on separate grounds, the granting of the summary judgment. We will treat each assignment as an issue to one assignment of error protesting the granting of summary judgment in favor of appellees (all named defendants except Zuern).

First, the appellant challenges the retrospective application of R.C. 4121.80(G), effective August 22, 1986. Pence was mortally wounded on June 9, 1984; the complaint was filed on

May 30, 1985. The summary judgment was entered on January 29, 1988, and specifically found that "Amended Substitute Senate Bill No. 307 of the 116th General Assembly is constitutional as applied to the facts of this case." But, on April 13, 1988, the Supreme Court of Ohio held that R.C. 4121.80(G) could not be applied retrospectively because to do so would be in violation of Section 28, Article II of the Ohio Constitution. *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, paragraph four of the syllabus. Although the decision in *Van Fossen* was handed down after the judgment of the trial court in the case on review, it compels this court to recognize as error the action of the trial court holding the retrospective application of R.C. 4121.80(G) to be constitutionally permissible.

The second basis for the appellant's assignment of error to the granting of summary judgment is an assertion that there are genuine issues of material fact raised by the application of the definition of an "intentional tort" as contained in *Jones* v. *V I P Development Co.* (1984), 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046. Appellant states this is the applicable law as set forth prior to *Van Fossen, supra.*

We agree that the definition of an "intentional tort" is contained in *Jones, supra,* as follows:

"An intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." *Jones, supra,* at paragraph one of the syllabus.

The added element in R.C. 4121.80(G) that makes its retrospective application constitutionally infirm is a "deliberate intent" to cause an injury. The law prior to the enactment of

---

[1] See *State* v. *Zuern* (1987), 32 Ohio St. 3d 56, 512 N.E. 2d 585.

R.C. 4121.80(G) was stated in *Jones* as follows:

"Thus, a specific intent to injure is not an essential element of an intentional tort where the actor proceeds despite a perceived threat of harm to others which is *substantially certain* * * * to occur." (Emphasis *sic*.) *Id.* at 95, 15 OBR at 250, 472 N.E. 2d at 1051.

The Supreme Court in *Van Fossen* wrote that "[w]e *now interpret Jones* to require knowledge on the part of the employer as a vital element of the requisite intent." (Emphasis added.) *Id.* at 116, 522 N.E. 2d at 504. The court held further that in order for intent to be found in a claim of an intentional tort committed by an employer against an employee three conditions must be demonstrated: (1) the employer's knowledge of the existence of the danger; (2) the employer's knowledge that if the employee, by virtue of the employment, is subjected to that dangerous condition, then harm to the employee is a substantial certainty, and not just a high risk; and (3) the employer with such knowledge and under such circumstances required the employee to continue the employment tasks.

Although the law contained in R.C. 4121.80(G) may not, constitutionally, be applied to the case on review, the law announced in *Jones, supra,* and interpreted in *Van Fossen, supra,* does not have that constitutional impediment. Thus, we review the evidentiary material submitted for consideration on the motion for summary judgment to determine if there is a genuine issue as to the existence of any of the three conditions, set forth in the *Van Fossen* interpretation of *Jones,* that are required to find the intent necessary to support a claim of intentional tort.

The conditions at CCI as they existed prior to the construction of the Hamilton County Justice Center are documented in the legal records, both state and federal, in this county. It would serve no purpose to list, once again, all those conditions. It is sufficient to state that the county was under orders to make numerous changes in physical conditions and operations pending the closing of the institution. A jail or penal institution is a place of danger by its very nature and purpose. The following statements from *Van Fossen* may be analogized to the case that we review:

"There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an 'intentional tort' and therefore an exception, under *Blankenship* or *Jones,* to the exclusivity of the Act." *Id.* at 117, 522 N.E. 2d at 504-505.

Applying the appropriate law to the permissible evidentiary material submitted by the parties, in accordance with Civ. R. 56, we find there is no genuine issue of material fact concerning the knowledge required in order to have a justiciable claim of intentional tort and the trial court did not err in so ruling. See *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 532 N.E. 2d 753.

The third basis of complaint of the summary judgment in favor of the county commissioners asserts that the duty is on the commissioners to provide a jail meeting the minimum standards for jails in Ohio and that the commissioners assumed responsibility for providing such facility under a contract with the city of Cincinnati.

Neither contention in this attack on the summary judgment has merit.

R.C. 307.01(A) requires a board of county commissioners to provide a jail when in the judgment of the board a jail is needed. In such event, it shall be of such style, size, and expense as the board determines. Any new jails or renovations to existing jails shall be designed and all jails shall be operated in such manner as to comply substantially with the minimum standards promulgated by the Department of Rehabilitation and Correction.

The appellant asserts that the board of commissioners violated these standards in four ways: (1) the jail and the immediate grounds were not kept free of potential health and safety hazards; (2) the grounds, walkways, driveways, and parking areas were not kept in good repair and well lighted to ensure safety and adequate perimeter security; (3) all building elements were not structurally sound, clean and in good repair; and (4) sufficient lighting was not provided to ensure effective security in all areas. See Appellant's Brief at 20. Of the four specified violations, the first three are without merit; they have no causal relationship to the death of Pence. The fourth has an apparent relevancy until the facts of the case on review are analyzed. Upon analysis, the facts are that Zuern was visible in his cell even in the dim light that was provided. Further, the brightest light possible would not have prevented Zuern from lunging at Pence and stabbing him through the crack in the cell door the second it was opened.

Further, any responsibility for operating CCI "assumed" by the county officials as a result of the contract with the city of Cincinnati could rise no higher than their responsibility independently of the contract. We have previously noted the absence of any causal connection between the asserted violations of the minimum jail standards. There is, therefore, as a matter of law, no legal liability on the county commissioners for the tragic death of Pence. On the undisputed material facts, the commissioners were entitled to summary judgment in their favor.

Finally, appellant asserts that her claim for relief pursuant to Section 1983, Title 42, U.S. Code was erroneously terminated by summary judgment in favor of the appellees. We disagree.

A review of the evidentiary material in support of and opposed to the summary judgment discloses no genuine issue of material fact relevant to the claim that the appellees, under color of law, deprived the appellant's decedent of federal constitutional or statutory rights.

The conduct of appellees of which appellant complains amounts at most to an allegation of a lack of due care that does not state a claim under Section 1983. See *Davidson* v. *Cannon* (1986), 474 U.S. 344, 347-348.

The judgment appealed from is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.