THE STATE, EX REL. CARPENTER, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Carpenter, *v.* Indus. Comm. (1990), 50 Ohio St. 3d 85.]

(No. 89-1606—Submitted February 6, 1990—Decided April 11, 1990.)

*Michael Garth Moore,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Jeffery W. Clark,* for respondent Industrial Commission and *Lorainne M. Nester,* for respondent Mary Ellen Withrow.

*Per Curiam.* In construing a complaint upon a motion to dismiss for failure to state a claim, we must take all the complaint's factual allegations as true and make all reasonable inferences in favor of the non-moving party. *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 192, 532 N.E. 2d 753, 756. The complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts permitting recovery. *Id.*

A complaint in mandamus states a claim if it alleges facts demonstrating that: (1) relator has a clear legal right to the relief requested; (2) respondent is under a clear legal duty to perform the requested act; and (3) relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81. Treating the pres-

ent allegations as true, we conclude that the commission has no clear legal duty to perform the act requested and thus sustain the motions to dismiss.

R.C. 4121.80(D) provides in part:

"In any action brought pursuant to this section, the court is limited to a determination as to whether or not the employer is liable for damages on the basis that the employer committed an intentional tort. If the court determines that the employee or his estate is entitled to an award under this section and that determination becomes final, the industrial commission shall, after hearing, determine what amount of damages should be awarded. For that purpose, the commission has original jurisdiction.* * *"

R.C. 4121.80(D) gives the commission exclusive jurisdiction to determine damages when a claimant seeks to recover thereunder. Damages here, however, were set by a jury. In *Kneisley* v. *Lattimer-Stevens Co.* (1988), 40 Ohio St. 3d 354, 533 N.E. 2d 743, and *Bertolino* v. *Indus. Comm.* (1989), 43 Ohio St. 3d 44, 538 N.E. 2d 1040, we held that R.C. 4121.80(D) could not be retroactively applied to destroy a claimant's ability to have a jury calculate damages. The parties at bar, however, have misconstrued the parameters of retroactivity.

The operative date for judging retroactivity is the date the intentional tort action was filed, not when the tort allegedly occurred. R.C. 4121.80(H) specifically states:

"This section applies to and governs *any action* based upon a claim that an employer committed an intentional tort against an employee *pending in any court on the effective date of this section* and all claims or actions filed on or after the effective date * * *." (Emphasis added.) See, also, *Kneisley* and *Bertolino, supra.*

In the case at bar, there is no basis for avoiding the application of R.C. 4121.80. Relator's intentional tort claim was first raised in his third amended complaint which was filed more than one year after the statute's effective date. Indeed, even if the amendment related back to its initial complaint, the initial complaint was filed on December 23, 1986, some four months after R.C. 4121.80 became effective. Thus, regardless of which date is used, there was no intentional tort "action * * * pending in any court on the effective date of this section [August 22, 1986]." Accordingly, R.C. 4121.80(D) applies and the claimant is bound by the commission's exclusive authority over the amount of damages.

For the reasons set forth above, respondents' motions to dismiss are sustained.

*Cause dismissed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I continue to believe that R.C. 4121.80 being applicable, by its own terms, to "employee-employer" relationships cannot be applied to alleged intentional torts occurring in the workplace because the relationship between the parties to such an alleged tort is one of intentional tortfeasor and victim — not employer-employee. If the parties are employer-employee, then the exclusivity provisions of Section 35, Article II of the Ohio Constitution and R.C. 4123.74 would be applicable. Starting with *Blankenship* v. *Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572, and followed by a number of other cases, the "exclusivity"

theory has been rejected by this court where intentional torts are involved or alleged. See, also, *Egan* v. *National Distillers & Chemical Corp.* (1986), 25 Ohio St. 3d 176, 188, 25 OBR 243, 253, 495 N.E. 2d 904, 913 (Douglas, J., concurring in judgment only).

In the alternative, since the majority finds that R.C. 4121.80 is applicable to this case, I would hold the statute unconstitutional in its entirety for the reasons stated in my dissent in *Taylor* v. *Academy Iron & Metal Co.* (1988), 36 Ohio St. 3d 149, 162, 522 N.E. 2d 464, 476. By saying that R.C. 4121.80 applies to this case, the majority, unwittingly I hope — but I fear otherwise — is saying that relator was not entitled to a jury trial in his intentional tort action, and by its action, the majority *sub silentio* collaterally vacates relator's $425,000 verdict. Unfairness in these cases has just reached its zenith. I dissent!

SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.