OPINION
Plaintiff-appellant Jason Grubbs appeals from the dismissal, pursuant to Civ.R. 12(B) (6), of his complaint for an employment intentional tort. Grubbs contends that the trial court erred in finding that he failed to allege facts constituting an intentional tort. We conclude that the trial court did not err in dismissing the complaint. From our review of the record, we conclude that Grubbs failed to allege any facts to support his claim for an employment intentional tort. Accordingly, the judgment of the trial court is Affirmed.
 I
Jason Grubbs was working for defendant-appellee Emery Air Freight Corp. on December 20, 1997, when he was struck by a forklift driven by another Emery employee. The impact crushed Grubbs' leg.
Grubbs filed a complaint alleging an employer intentional tort in the Montgomery County Court of Common Pleas. Emery filed a motion seeking to dismiss the complaint for failure to state a claim upon which relief may be granted. The trial court granted the motion pursuant to Civ.R. 12(B) (6). From the dismissal of his complaint, Grubbs appeals.
 II
Grubbs' sole Assignment of Error states as follows:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT JASON GRUBBS' CASE.
Grubbs contends that the trial court erred by dismissing his claim pursuant to Civ.R. 12(B) (6). In support he argues that he alleged facts constituting a common law intentional tort. He cites Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298, as support for his argument.
Although Civ.R. 8(E) (1) merely requires that pleadings be "simple, concise and direct" and does not require "technical forms of pleading," the Ohio Supreme Court has carved" out a heightened standard of review for Civ.R. 12(B) (6) motions in the intentional tort context. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. "Citing the need to deter the number of baseless claims against employers, the importance of preventing every workplace injury from being converted into an intentional tort claim, and the goal of facilitating the efficient administration of justice, [the Supreme Court has] held that in order to survive a Civ.R. 12(B) (6) motion to dismiss, a plaintiff bringing an intentional tort claim against an employer must allege certain facts with particularity."Id., at 60-61. The specificity required in pleading an intentional tort claim was set forth by the Ohio Supreme Court inMitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, wherein the court held:
 [A] claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts
showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and despite this knowledge, still proceeded.
Id., at 193, emphasis added.
"In construing a complaint upon a Civ.R. 12(B) (6) motion to dismiss for failure to state a claim, the trial court must presume that all the factual allegations of the complaint are true, and it must appear beyond doubt that the plaintiff can prove no set of facts warranting recovery." Johnson v. Hilltop Basic Resources,Inc. (June 19, 1998), Greene App. No. 97-CA-50, unreported, citingMitchell, supra.
In the case before us, we agree with the trial court that the complaint fails to allege facts sufficient to withstand scrutiny under Civ.R. 12(B) (6). In his complaint, Grubbs alleges that he was injured when he was struck by a forklift driven by another Emery employee. He further alleges that Emery knew the work conditions were unsafe and substantially certain to cause injury, but required him to work around dangerous equipment and unsafe working conditions, including the forklift. Grubbs also alleges that Emery "disregarded the fact that [he] needed to be warned and instructed about the unsafe and dangerous equipment and unsafe working conditions, including, but not limited to the aforementioned fork lift." Finally, he alleges that Emery failed to adequately train him "on the dangerous equipment and unsafe working conditions," and that Emery failed to "provide proper safety procedures concerning the forklift and unsafe working conditions."
These allegations are conclusory. No factual background or basis is given for the claims. There is no information provided in regard to the circumstances surrounding the accident. There is no information in the complaint to state why the working conditions were dangerous. Likewise, there are no factual allegations to indicate that Emery had knowledge that the equipment or working conditions were dangerous. The complaint fails to state the factual basis for the assertion that injury was substantially certain to occur. Likewise, there is no factual allegation in regard to the claim that Emery required Grubbs to work under unsafe conditions. The complaint is devoid of any factual allegations to support the claims, as required underMitchell, supra.
Grubbs contends that the Ohio Supreme Court has recently held that a Civ.R. 12(B) (6) motion must be denied when a plaintiff merely alleges that he was exposed to a dangerous situation and that the employer knew that the exposure would be substantially certain to cause injury. See, Johnson v. BP Chemicals, Inc.
(1999), 85 Ohio St.3d 298. Indeed, in Johnson, the Supreme Court stated:
 In his complaint, Johnson alleged that he was exposed to a dangerous situation at the plant and that BP knew that such exposure would be substantially certain to cause injury. Accepting these allegations as true, as we are required to do, we hold that the complaint properly sets forth a claim of intentional tort sufficient to survive a Civ.R. 12(B) (6) motion to dismiss. See Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190.
Id., at 308.
Grubbs contends that Mitchell has been amended or overruled, and now all that is necessary for pleading an intentional tort under Johnson are conclusory legal assertions. We do not agree. A closer reading of Johnson reveals that the plaintiff alleged more than mere legal conclusions. His complaint contained allegations setting forth the nature of the dangerous condition and the reason why the employer had knowledge of the condition.Johnson, supra, at 299. Furthermore, given that: (1) the Supreme Court specifically cites Mitchell in Johnson when discussing the pleadings required to support an intentional tort claim; (2) the facts in Johnson comport with those requirements; and (3) the Court makes no mention of amending or overruling the holding in that case, we conclude that Mitchell continues to set the standard for judging the adequacy of intentional tort complaints.
We hold that the trial court correctly ruled that Grubbs failed to meet the pleading standard set forth in Mitchell, and thus, we conclude that the trial court correctly dismissed the complaint. Accordingly, Grubbs' sole Assignment of Error is overruled.
 III
Grubbs' sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
David G. Roach
Cinamon S. Houston
Edna Scheuer
Scott A. King
Christine M. Haaker
Hon. John Petzold