DECISION AND JOURNAL ENTRY
Plaintiff-appellant Rafael Deitz Groswirt ("Groswirt") appeals the dismissal of his complaint to compel the perpetuation of testimony of defendants-appellees Judge Kosma J. Glavas and Lorain County Assistant Prosecutor Jonathan E. Rosenbaum. This Court affirms.
In 1997, Groswirt pled guilty to eleven drug-related offenses and was sentenced to twenty-two years to life in prison. SeeState v. Deitz (June 2, 1999), Lorain App. No. 98CA007228, unreported. Groswirt did not file a direct appeal from the trial court's judgment of conviction and sentence, but in 1998, he filed a postconviction relief petition that was denied by the trial court. Id. This Court upheld the trial court's decision to deny Groswirt's petition for postconviction relief. Id.
In 1999, Groswirt filed a complaint to perpetuate the testimony of Judge Glavas and Assistant Prosecutor Rosenbaum. Rosenbaum had prosecuted the 1997 drug case against Groswirt, and Judge Glavas presided over Groswirt's conviction, sentence, and postconviction relief petition. In his complaint, Groswirt stated that he sought Judge Glavas and Assistant Prosecutor Rosenbaum's testimony to establish facts in order to prosecute a civil rights action under Section 1983, Title 42, U.S. Code. The complaint then listed a number of interrogatories directed at both Judge Glavas and Assistant Prosecutor Rosenbaum and requested that the court order the questions to be answered.
Judge Glavas and Assistant Prosecutor Rosenbaum filed a motion to dismiss Groswirt's complaint pursuant to Civ.R. 12(B)(6). The trial court granted the motion stating that Groswirt had "failed to meet the criteria imposed by Civil Rule 27," that Judge Glavas and Assistant Prosecutor Rosenbaum "are absolutely immune and not amenable to this type of action," and that Groswirt could "prove no set of facts which would entitle him to relief in this case." It is from this dismissal that Groswirt now appeals, asserting one assignment of error.
 DID THE LOWER COURT JUDGE MARK A. BETLESKI ABUSE HIS DISCRETION BY a) "MIS-APPLYING WELL ESTABLISHED LAW FOUND IN [CIV.R.] 27, BY RUBBER-STAMPING AND DISMISSING A CASE IN CONTROVERSEY BROUGHT PURSUANT TO CIVIL RIGHTS STATUTE 42 U.S.C. § 1983 SEEKING EQUITABLE RELIEF, AND WHERE THE LAW CLEARLY STATES "A person who desires to perpetuate testimony of another person regarding any matter in any court of any adverse party", and; [sic] b) SIMULTANEOUSLY DISMISSING A CIVIL RULE 65 ACTION DEMONSTRATING RETALIATION AGAINST PLAINTIFF TO OBSTRUCT JUDICIAL PROCESS ACTION WITHOUT OPPOSITION OR A HEARING ON THE MERITS OF BOTH CAUSES[.]
 The full extent of Groswirt's argument in support of his assignment of error is that because his complaint "was dismissed without a hearing or lawful adjudication on the merits," the trial court erred, and that he "did in deed [sic] state a cause of action." This Court disagrees.
 "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. As a matter of law, a court must accept all of the allegations in the petitioner's complaint as true. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192. It is improper for a trial court to examine any evidence outside the four corners of the complaint. Civ.R. 12(B); Christian v. Twinsburg City School Dist. (Sept. 7, 1988), Summit App. No. 13516, unreported. An entry of dismissal on the pleadings is reviewed de novo because only legal issues are presented. Plazzo v. Nationwide Mut. Ins. Co. (June 24, 1992), Summit App. No. 15370, unreported.
In order to perpetuate testimony pursuant to Civ.R. 27, a plaintiff must "verify that he believes the facts stated in the petition are true," and must show:
 (a) That the petitioner * * * may be part[y] to an action or proceeding cognizable in a court but is presently unable to bring or defend it;
 (b) The subject matter of the expected action or proceeding and his interest therein * * *;
 (c) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;
 (d) The names * * * of the persons he expects will be adverse parties and their addresses so far as known;
 (e) The names and addresses of the persons to be examined and the subject matter of the testimony which he expects to elicit from each.
 Only when the trial "court is satisfied that the allowance of the petition may prevent a failure or delay of justice, and that the petitioner is unable to bring or defend the contemplated action," is the court required to order that the testimony be perpetuated. Civ.R. 27.
A review of Groswirt's complaint reveals that he failed to satisfy the threshold requirements to bring a cause of action under Civ.R. 27. For example, Groswirt did not verify that he believes the facts stated in the petition are true, he did not disclose the names and addresses of the persons he expects will be adverse parties, and he failed to set forth the subject matter of the testimony which he expects to elicit both from Judge Glavas and Assistant Prosecutor Rosenbaum. Furthermore, Groswirt did not even assert that he was unable to bring or defend his civil rights claim without the perpetuated testimony, in accordance with Civ.R. 27.
This Court finds that it is beyond doubt from the complaint that Groswirt can prove no set of facts entitling him to recovery. Accordingly, the trial court did not err in granting the Civ.R. 12(B)(6) motion to dismiss. Groswirt's sole assignment of error is overruled.
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ DONNA J. CARR