OPINION
Brenda Matthews is appealing from the decision of the Miami County, Ohio, Common Pleas Court, dismissing her complaint pursuant to a Civ.R. 12(B) motion to dismiss the complaint filed by The Bowles Group, Inc., which the parties and the court accept as owning and representing Superstation, Inc. and Workforce 2000 DBA Starfire, the named defendants in the case, besides defendant Chester "CJ" Gambrel, the now inmate who severely wounded the plaintiff, and who has not responded to this suit at all.
The undisputed facts are that plaintiff, Brenda Matthews, was hired by Starfire and Superstation to work at a gas station and convenience store located in Piqua, Ohio. Shortly after she began work, the assailant named Chester Gambrel, while attempting to rob Starfire, intentionally shot Matthews. Matthews alleges as the grounds for her cause of action that Starfire knew its business operation "and other nearby businesses had been subjected to attempted robberies in the past," and that her employer did not advise "her of the potential danger" and failed to warn her of the prior robberies or to provide adequate surveillance and security devices or adequately train her regarding safety measures to take in event of a robbery. (Appellant's brief, 5).
Following a timely motion to dismiss by The Bowles Group, the court sustained same with the following decision:
 The Plaintiff's complaint states a claim for an intentional tort, but fails to specify facts that constitute an intentional tort. The Defendants cite the Ohio Supreme Court case of Mitchell v. Lawson Milk Company (1988) 40 Ohio St.3d 190 . That case is nearly identical to the case at bar. In Mitchell, supra, an employee of a convenience store was fatally shot during a robbery during the course of her employment. The Supreme Court stated:
 The facts are easy to grasp and are undisputed: a death resulted from the hold-up of a convenience store. Even if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area.
The syllabus in Mitchell, supra stated:
 A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer:
(1) specifically desired to injure the employee; or
 (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded.
As a result of the foregoing facts and law the Supreme Court dismissed the complaint. There are no material differences between Mitchell and this case. Therefore, the Plaintiff's complaint is dismissed.
Matthews presents the following sole assignment of error:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S THE BOWLES GROUP MOTION TO DISMISS.
Given the decision of the Supreme Court of Ohio in Mitchell, the trial court's decision was inescapable. We hereby adopt and approve same as our own.
Furthermore, this court itself has recently concluded that Mitchell continues to set the standard for judging the adequacy of intentional tort complaints, in dismissing an employment intentional tort claim. Grubbs v. Emery Air Freight Corp. (Dec. 17, 1999), Montgomery App. No. 17848, 3, unreported.
The appellant cites three decisions in support of her claim. Two of them are unreported cases from other districts, and no copies were attached to the brief as required by App.R. 9. We find these to have no precedential value in the case before us. The one reported decision cited by appellant is a Supreme Court case of Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298. That case, however, was concerned almost exclusively with the issue of the constitutionality of R.C. 2745.01, which the General Assembly had recently enacted in an attempt to restrict intentional tort claims. The majority of the Supreme Court found that section "unconstitutional in its entirety." Sole syllabus. Tucked into the eleven-page majority opinion is the one statement that the plaintiff in that case set forth a claim of intentional tort sufficient to survive a Civ.R. 12(B)(6) motion to dismiss, ironically citing Mitchell v. Lawson Milk Co. The Supreme Court thus reaffirmed its holding in Mitchell, as we did in Grubbs, supra. Moreover, Johnson concerned an industrial injury, not the case of a retail employee being injured by a robber, which is specifically the exact situation in both Mitchell and the case before us presently.
The assignment of error is overruled, and the judgment is affirmed.
WOLFF, P.J. and FAIN, J., concur.