ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to permit an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
 {¶ 2} Plaintiffs-appellants Jerome and Laurel Alden appeal from the dismissal of their causes of action for employer intentional tort and loss of consortium against defendant-appellee Marconi Medical Systems, Inc.
 {¶ 3} In their sole assignment of error, appellants argue the trial court failed to follow the liberal provisions of Civ.R. 8(A) in granting appellee's Civ.R. 12(B)(6) motion to dismiss counts one and three of their amended complaint. Appellants argue in the alternative their amended complaint met the more stringent pleading standards required of a cause of action in employer intentional tort. This court disagrees with both of appellants' arguments.
 {¶ 4} The Ohio Supreme Court, which promulgates the rules of civil procedure, has established a heightened standard of pleading for employer intentional tort claims. Johnson v. Hilltop Basic Resources, Inc. (June 19, 1998) Greene App. No. 97-CA-50, citing Byrd v. Faber (1991),57 Ohio St.3d 56, 60. Thus, the level of specificity required in order to withstand a Civ.R. 12(B)(6) motion to dismiss was set forth in Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193. Id. Appellants' complaint, however, did not allege any specific facts which showed appellee either: (1) desired to injure appellant employee; or (2) knew that an injury to appellant employee was certain or substantially certain to result from its act but still proceeded to act. Instead, appellants made only conclusory allegations which they now on appeal seek to fill with underlying meaning in derogation of the appropriate standard. Byrdv. Faber, supra.
 {¶ 5} Since conclusory allegations are insufficient to state a claim for employer intentional tort, the trial court properly granted appellee's motion to dismiss appellants' claims against it. Mitchell, supra, cited with approval Johnson v. B.P. Chemicals, Inc. (1999),85 Ohio St.3d 298 at 308; Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84,93; Grubbs v. Emery Air Freight Corp. (Dec. 17, 1999), Montgomery App. No. 17848.
 {¶ 6} Accordingly, appellants' assignment of error is overruled.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and FRANK D. CELEBREZZE, JR., J. CONCUR