{¶ 32} As to Cross-Appellant's assignment of error, I respectfully dissent from the majority opinion. I agree the majority has properly expressed the standard for an employer intentional tort. However, I believe the majority has misapplied this very narrow exception to the Ohio Worker's compensation scheme. I believe there is no genuine issue of material fact that Columbia Gas did not and could not know of the dangerous condition that was created by a combination of incident-specific factors and/or that such condition was *Page 18 
substantially certain to cause injury or death to Mr. Brody. Such incident-specific factors include the weather, the road conditions, the fact that it was dark, the location of Mr. Brody's truck and that Mr. James was intoxicated. See Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192-93 (holding that "even if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain, to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area."). I would sustain Cross-Appellant's assignment of error and grant summary judgment in favor of Cross-Appellant.
 {¶ 33} It is not necessary to address Appellant's assignment of error because of my opinion as to Cross-Appellant's assignment of error. I would dismiss this action. *Page 1