DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas, which dismissed appellant's case pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. For the reasons set forth below, this court reverses the judgment of the trial court and remands the case for further proceedings. *Page 2 
 {¶ 2} Appellant, Loretta Schelling, sets forth the following single assignment of error:
 {¶ 3} "The trial court erred as a matter of law in granting appellee's 12(B)(6) motion by holding that plaintiff must first prove negligence against the doctor before being able to bring a negligent credentialing claim against the hospital."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. Appellant's initial complaint was filed on February 10, 2005. The complaint named both Dr. Stephen Humphrey and Community Hospitals of Williams County ("Community Hospitals") as defendants. On April 20, 2005, appellant filed an amended complaint. The amended complaint asserted a negligent credentialing claim solely against Community Hospitals.
 {¶ 5} In 2003, Dr. Humphrey performed two podiatric surgeries on appellant at Community Hospitals. Dr. Humphrey was a licensed podiatrist by the state of Ohio. He had full staff privileges by Community Hospitals to perform surgeries such as those underlying this case. On January 23, 2003, Dr. Humphrey performed his first tarsal tunnel release surgery on appellant. The second tarsal tunnel release surgery was conducted on February 20, 2003. Both surgeries were performed on appellant's heals in an attempt to correct persistent foot pain. Appellant claims that Dr. Humphrey was negligent in performing these surgeries. Appellant further claims that his negligence injured her, and she can no longer work as a result of the injury. *Page 3 
 {¶ 6} Appellant's negligent credentialing claim against Community Hospitals stems from a history of criminal conduct by Dr. Humphrey. In 2001, Dr. Humphrey stole an air compressor and several power tools from Community Hospitals. His act of theft was confirmed by hospital security surveillance tapes. After initial denials, he confessed the crime to the investigating Bryan, Ohio police officer.
 {¶ 7} After the theft, Dr. Humphrey continued to practice medicine. Unfortunately, he also continued to steal. Dr. Humphrey ultimately confessed to a Bryan Police Officer that he had also stolen several "back-hoes" and a utility trailer from a construction site. On May 3, 2004, Dr. Humphrey pled guilty in the Williams County Court of Common Pleas to seven felony offenses stemming from these thefts. On August 11, 2004, in response to these felony convictions, the state of Ohio suspended Dr. Humphrey's license to practice medicine.
 {¶ 8} On August 11, 2005, the trial court granted Dr. Humphrey's motion to bifurcate the negligent credentialing claim against Community Hospitals from the negligence claim. Dr. Humphrey then filed bankruptcy. The trial court issued a stay on November 2, 2005, in response to the bankruptcy case.
 {¶ 9} After reaching an agreement with Dr. Humphrey's bankruptcy trustee, appellant moved to dismiss the negligence case against Dr. Humphrey. The claim was dismissed without prejudice. Community Hospitals became the sole defendant. Community Hospitals then filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the *Page 4 
basis that the negligent credentialing claim could not stand given the dismissal of Dr. Humphrey from the case.
 {¶ 10} On December 26, 2006, the trial court granted appellee's 12(B)(6) motion. The court reasoned that because Dr. Humphrey was voluntarily dismissed without a finding of negligence against him, appellant could not proceed with a negligent credentialing claim against the Community Hospitals. As a result of this ruling, appellant filed a timely motion of appeal.
 {¶ 11} In her assignment of error, appellant claims that the trial court should not have granted appellee's Civ.R. 12(B)(6) motion to dismiss.
 {¶ 12} Civ.R. 12(B)(6) established the basis to dismiss for failure to state a claim upon which relief can be granted. In order to warrant a Civ.R. 12(B)(6) dismissal, "it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." City of Cincinnati v. Beretta U.S. ACorp., 95 Ohio St.3d 416, 2002-Ohio-2480, at ¶ 5. The Supreme Court of Ohio has defined the tort of negligent credentialing as when, "a plaintiff injured by the negligence of a staff physician must demonstrate that but for the lack of care in the selection or the retention of the physician, the physician would not have been granted staff privileges, and the plaintiff would not have been injured."Albain v. Flower Hospital (1990), 50 Ohio St.3d 251, 211. (overruled on other grounds by Clark v. Southview Hosp. Family Center (1994),68 Ohio St.3d 435). When ruling on a Civ.R. 12(B)(6) motion, the court must "presume all *Page 5 
factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson MilkCo. (1988), 40 Ohio St.3d 190, 192.
 {¶ 13} In support of its Civ.R. 12(B)(6) motion, Community Hospitals argues that appellant cannot establish the requisite negligence of Dr. Humphrey necessary to the credentialing claim without including him as a party to the action. Appellee argues that without Dr. Humphrey as a party, the element of staff physician negligence cannot be addressed. The relevant issue on appeal is whether appellant can establish a staff physician's negligence, for purposes of a negligent credentialing claim, without the physician named as a party to the action.
 {¶ 14} The Fourth District Court of Appeals has directly addressed this precise issue. In Dicks v. U.S. Health Corp. (May 10, 1996), 4th Dist. No. 95-CA-2350, the Fourth District Court of Appeals ruled, "Although appellant, in order to collect damages for negligent credentialing, must prove that she suffered injury at the hands of a negligently credentialed doctor, appellant need not join the doctor in the lawsuit against the hospital. Appellant may prove the negligence of the doctor without the doctor being present in the action." Id. The court in Dicks based its decision on the Ohio Supreme Court's ruling inBrowning v. Burt (1993), 66 Ohio St.3d 544. When the Browning court resolved the negligent credentialing claim in that case, only one of the two allegedly negligent doctors was present in the action. This established a clear precedent that a negligent credentialing claim can be made without the doctor being a named party. *Page 6 
 {¶ 15} We note that appellee admits that Dicks "held that a physician does not have to be joined in a negligent credentialing cause of action." Appellee attempts to distinguish the case by arguing that the doctor in Dicks admitted negligence while testifying. Appellee argues that, in the present case, the agreement reached between appellant and Dr. Humphrey's bankruptcy trustee did not involve a finding of negligence.
 {¶ 16} We are not persuaded by appellee's efforts to distinguish and negate the impact of Dicks. We note that the Fourth District Court of Appeals in Dicks never made a finding on the negligence of the doctor. The only issue in this case is whether the trial court has the ability to find the element of staff physician negligence in a negligent credentialing claim when the negligent staffer is not a named party. We concur with the court in the Dicks case and answer in the affirmative.
 {¶ 17} In Browning v. Burt (1993), 66 Ohio St.3d 544, the Ohio Supreme Court was faced with the issue of whether it should apply the same statute of limitations to a negligent credentialing claim that applies to a medical malpractice claim. The Ohio Supreme Court ruled, "While acts or omissions of a hospital in granting and/or continuing staff privileges to an incompetent physician may ultimately lead to an act of medical malpractice by the incompetent physician, the physician's ultimate act of medical malpractice is factually and legally severable and distinct from the hospital's acts or omissions in negligently credentialing him or her with staff membership or professional privileges." Id. at 557 (emphasis removed). The court made clear that medical malpractice and negligent credentialing, while they may be factually intertwined, are *Page 7 
distinct claims. The element of staff physician negligence as a component of a negligent credentialing claim can be proven without the allegedly negligent physician as a named party. Dicks v. U.S. HealthCorp. (May 10, 1996), 4th Dist. No. 95-CA-2350 (citing Browning v.Burt (1993), 66 Ohio St.3d 544).
 {¶ 18} Appellee argues that Chief Justice Moyer's concurring opinion clarifies the Browning decision. The Chief Justice stated that a "finding or admission of negligence is a legal prerequisite to a negligent credentialing claim." In making this argument, appellee incorrectly classifies this part of the Chief Justice's opinion. The concurring portion of Chief Justice Moyer's opinion addressed the loss of consortium claim in the Browning case, but it is actually the dissenting portion of his opinion that addressed the issue of negligent credentialing. This dissent was not adopted by the majority inBrowning. The majority did not hold that a finding of negligence is a legal prerequisite to negligent credentialing. Determining that staff physician negligence must be proven as an element of a negligent credentialing claim against an employer does not interpose a legal requirement to name the staff physician as a defendant and prove the negligence claim in the same complaint. They are separate causes of action. The trial court erred in imposing such a requirement.
 {¶ 19} Wherefore, for the reasons stated herein, we find appellant's assignment of error well-taken. On consideration whereof, the judgment of the Williams County Court of Common Pleas is reversed and remanded to the trial court for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 8 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., concur. *Page 1