[Cite as *Ream v. Graffiti Foods, Ltd.*, 2017-Ohio-7190.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Steven Ream, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-179 |
| | | (C.P.C. No. 16CVH11-11342) |
| Graffiti Foods, Ltd. et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 10, 2017

**On Brief:** *Marshall and Forman LLC, Edward R. Forman, John S. Marshall* and *Samuel M. Schlein*, for appellant. **Argued:** *Edward R. Forman.*

**On Brief:** *The Behal Law Group LLC, Robert J. Behal* and *Gilbert J. Gradisar*, for appellees **Argued:** *Robert J. Behal.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Steven Ream is appealing from the dismissal of his defamation suit against Graffiti Foods, Ltd. and Philip E. Griesinger. He assigns a single error for our consideration:

> IN DISMISSING A DEFAMATION CLAIM, THE COURT OF COMMON PLEAS ERRED BY DISREGARDING THE TENDENCY OF THE FALSE STATEMENTS TO INJURE THEIR TARGET IN HIS OR HER TRADE, OCCUPATION, OR PROFESSION.

{¶ 2} Our standard of review for a decision and entry granting a Civ.R. 12(B)(6) motion to dismiss is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 81, 2004-

Ohio-4362, ¶ 5. We accept as true all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Dismissal may be ordered only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 3} Ream was a chef employed with Graffiti Foods, Ltd. until he was fired through the actions of Philip Griesinger, the CEO of Graffiti Foods, Ltd. Griesinger is alleged to have accompanied the firing with an email sent to persons in the food service industry. Ream viewed the email as being defamatory. A common pleas judge did not view the email as defamatory and dismissed the lawsuit filed on Ream's behalf.

{¶ 4} The email is set forth in the complaint which initiated the lawsuit. The email reads:

> *Effective immediately Chef Steve Ream is no longer employed at Graffiti Foods.*
>
> *Chef Stephanie Van Den Berg who has worked on projects for us over the past year will be working with our Food Scientist, Melissa Shimp.*
>
> *At Graffiti Foods, one thing that we take very seriously and hold great pride in is the high standards and expectations we have for the behavior and conduct of all our employees, especially anyone in a leadership capacity. When it comes to establishing a culture of excellence and positioning ourselves to best meet our valued customers, partners, and suppliers we believe that our expectations in this area can never be high enough.*
>
> *Due to these standards, we have had to make a difficult decision to part ways with one of our team members. We want to ensure you that this decision (as well as past personnel decisions) are grounded in the philosophy and belief in excellence. We need to have the very best people who adhere and fit with our culture of high standards and personal accountability. We value you as a partner and look forward to continuing to meet your needs while rewarding your continued trust in us.*
>
> *All inquiries and any questions should come directly to me, Phil Griesinger. All of my information is below.*

*Regards, Phil.*

(Compl. at ¶ 23.)

{¶ 5} "Defamation is a false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace; or affects him adversely in his trade or business." *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App.3d 102, 108 (10th Dist.1999). In order to establish a claim for defamation, a plaintiff must show that: (1) the defendant made a false statement of fact; (2) the statement was defamatory; (3) the statement was published; (4) the plaintiff suffered injury as a proximate result of the publication; and, (5) the defendant acted with the requisite degree of fault in publishing the statement. *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, ¶ 77.

{¶ 6} Here, Ream was not a public figure, so this case does not involve the legal issue of actual malice. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964) (a public official could not recover damages for a defamatory falsehood relating to his official conduct unless he proved actual malice, that the statement was made with knowledge that was false or reckless disregard of whether it was false); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 162-65 (1967)(extending *Sullivan* rule to public figures in addition to public officials) (Warren, C.J., concurring in the result). Instead, the standard is whether the email included any false statements which harmed Ream by affecting him adversely in his trade, business, or profession. *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, ¶ 9. A lost employment opportunity would constitute actual injury. *Woods v. Capital Univ.*, 10th Dist. No. 09AP-166, 2009-Ohio-5672, ¶ 40. If the email included statements which were false and harmful, malice or ill-will would be inferred, at least at the pleading stage of a lawsuit. The complaint in defamation alleged that the statements in the email were false and that Ream was actually fired for asking for a raise and for reasons related to workers' compensation.

{¶ 7} Unlike the trial court judge, we find that the statements could be construed as defamatory. Ream was accused of being fired for failing to conduct himself within the expected standards for behavior, conduct, and accountability. Although the allegations in the email are not specific, they could be construed as alleging that Ream was a bad

employee at least—guilty of egregious misconduct at worst. His misconduct was presented as so bad that he had to be fired. The allegations could be construed as harming Ream in any efforts he would make in trying to get another job in the food service industry. Whether anyone who received the email believed its allegations is not known at this stage of the proceedings.

{¶ 8} We are not, at this point in the proceedings, dealing with actual facts. The motion to dismiss was not converted to a motion for summary judgment. The trial court was bound by the allegations within the four corners of the complaint. The email was phrased in such a way as to imply, without stating how, that Ream so failed to meet Graffiti's high standards and expectations for behavior, conduct, and personal accountability that he had to be immediately terminated. (Compl. at ¶ 26.)

{¶ 9} Counsel for Griesinger and Graffiti Foods, Ltd. argues that the email was merely an expression of opinion. In fact, the statement was far more than opinion or fair comment on his performance. The statement alleged that chef Ream had engaged in conduct bad enough that it necessitated his firing. His being fired was an admitted fact. The reason was not stated but made no mention of issues related to a request for a raise or workers' compensation. The email strongly implied that chef Ream had engaged in misconduct and "effective immediately" was "no longer employed at Graffiti Foods." (Compl. at ¶ 23.) Thus, Ream was no longer employed because he was not one of "the very best people who adhere and fit with our culture of high standards and personal accountability." *Id.* Those allegations state a claim for defamation.

{¶ 10} The sole assignment of error is sustained. The dismissal of the lawsuit is vacated and the case is remanded to the Franklin County Court of Common Pleas for further appropriate proceedings.

*Judgment reversed and case remanded*
*for further proceedings.*

BRUNNER and HORTON, JJ., concur.

———————————