OPINION
{¶ 1} Plaintiff-appellant, MP Star Financial, Inc. ("MP Star"), appeals from a dismissal by the Court of Claims of Ohio in this action to collect amounts MP Star alleges it is owed by defendant-appellee, Cleveland State University ("CSU"). For the reasons stated below, we affirm.
 {¶ 2} CSU contracted with two employment agencies, Metro Minority Enterprises, Inc. and Metro Temps Employment Consultants, Inc. (collectively, "Metro Temps"), to provide CSU with temporary employees and employment consulting services. Metro Temps entered into financing agreements with MP Star by which Metro Temps would sell MP Star its accounts receivable in exchange for an advance of funds from MP Star. MP Star memorialized these agreements by filing a financing statement by which MP Star ostensibly obtained a first priority security interest. The parties do not dispute that MP Star provided notice to CSU that it had been assigned the accounts receivable; however, CSU continued to pay its invoices directly to Metro Temps. MP Star then initiated this action against CSU based upon its contention that Article 9 of the Uniform Commercial Code ("UCC"), codified at R.C. Chapter 1309, governed the transaction, and that as an "account debtor" with notice of the assignment, CSU was obligated to pay MP Star, not Metro Temps, for services rendered.
 {¶ 3} CSU filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6), arguing that the pertinent provisions of Chapter 1309 are not applicable to a government entity, and that because the state had not specifically waived sovereign immunity, it could not be sued as an account debtor under these facts.
 {¶ 4} In granting the motion, the Court of Claims reiterated its position in American Ins. Co. v. Ohio Dept. of Admin.Servs., 120 Ohio Misc.2d 79, 2002-Ohio-5754, which held that because R.C. 1309.04 specifically precludes application of R.C.1309.01 to 1309.50 to transfers by a governmental entity, the state is not liable as an account debtor in an action brought by a third party. In so holding, American Ins., specifically rejected the assertion that the unofficial comments to UCC Article 9, which arguably support appellant's view that the state could be liable as an account debtor, were controlling:
* * * [T]he comments to Article 9 have not been enacted into law by the Ohio General Assembly. Consequently, even if the court were to agree that the unofficial comments mean what plaintiff claims they mean, the court may not refer to the comments under circumstances where the legislative intent is clear from the plain language of the statute.
Id. at 82.
 {¶ 5} Appellant now assigns the following as error:
The trial court erred in granting defendant-appellee's motion to dismiss [in] improperly concluding that the provisions of Ohio Revised Code Chapter 1309 (UCC article 9) are inapplicable to appellee where appellee was acting as an account debtor rather than a borrower[.]
 {¶ 6} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. Univ.Community Tenants Union (1975), 42 Ohio St.2d 242. In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations to the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56, 60.
 {¶ 7} In Ohio, where an account debtor makes payments to an assignor of accounts receivable after receiving sufficient notice of an assignment, the account debtor violates the assignment, and consequently may be liable to the assignee for payments made to the assignor. First Bank of Marietta v. Roslovic Partners,Inc. (1999), 86 Ohio St.3d 116, syllabus. This rule, articulated in UCC 9-406, has been codified at R.C. 1309.406.
 {¶ 8} However, R.C. 1309.109(D)(14) provides:
(D) This chapter does not apply to the following:
(14) A transfer by a government, state, or governmental unit.
 {¶ 9} While admitting that CSU is a governmental entity, MP Star argues that the transaction at issue here was not a "transfer" by CSU, but a situation in which CSU simply was required to honor the assignment of accounts receivable by its contractors, and that the exemption contained within R.C.1309.109(D)(14) only applies where the state is a borrower and not where the state is an account debtor.
 {¶ 10} CSU counters that the state has not specifically consented to suit by its contractor's judgment creditors, thus, sovereign immunity applies to prevent MP Star from collecting the disputed amount from CSU.
 {¶ 11} We agree with the trial court that R.C. 1309.406 does not apply under these facts. Further, we reject MP Star's argument that comments to UCC Article 9 are dispositive of this matter, because Ohio chose not to adopt the comments to the UCC when codifying its articles, and, in instances where legislative intent is clear from the statute, Ohio courts need not adhere to the comments when reviewing secured transaction disputes.
 {¶ 12} MP Star has filed a motion to strike additional pleadings by CSU purporting to establish that Ohio did not waive sovereign immunity in a case such as this one. Finding it unnecessary to rely upon these materials in order to reach the foregoing conclusion, we overrule as moot MP Star's motion to strike.
 {¶ 13} We conclude that the Court of Claims properly found the allegations of MP Star's complaint were legally insufficient to state a claim upon which relief could be granted, thus the court did not err in granting CSU's Civ.R. 12(B)(6) motion to dismiss. MP Star's motion to strike is denied as moot, its assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Motion to strike denied; judgment affirmed.
Bowman and Sadler, JJ., concur.