[Cite as *Evans v. Ross Correctional Inst.*, 2010-Ohio-2019.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD EVANS, JR.

Plaintiff

v.

ROSS CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-03070-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶ 1} On March 11, 2009, plaintiff filed a complaint against defendant, Ross Correctional Institution. Plaintiff alleged on or about December 15, 2008, his personal property was stolen from his cell. Plaintiff's property consisted of a pair of Timberline boots, AM/FM CD player, Koss headphones and 10 cds. Plaintiff asserts defendant did not conduct a prompt search to recover his property. Therefore, plaintiff seeks damages in the amount of $500.00. Plaintiff also sought a declaratory judgment whereby this claim fell under the jurisdiction of the judge of the Court of Claims. This court at the administrative determination level does not possess equitable powers to hear this matter.

{¶ 2} On August 19, 2009, a judge of the Court of Claims issued an entry dismissing plaintiff's claim for declaratory judgment and transferring the case to the administrative docket for determination of his claim for property loss.

{¶ 3} On September 22, 2009, defendant filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted.

{¶ 4} Defendant stated that plaintiff has presented no evidence which indicates defendant's agents engaged in any wrongful acts which resulted in the theft of plaintiff's property. On the contrary, plaintiff admitted that he left his cell door unlocked and the items taken were not secured in the inmate's locker box. Plaintiff does not assert that defendant violated any duty of care with respect to the theft of plaintiff's property. Although defendant asserts it had no duty to search for indistinguishable property items, a search was conducted after defendant was informed of the theft. Plaintiff delayed informing defendant about the theft until December 15, 2008, two days after the occurrence. Defendant's search proved fruitless. Finally, defendant is not responsible for the wrongful actions of other inmates. Accordingly, defendant asserts its motion to dismiss should be granted.

{¶ 5} Plaintiff has not responded to defendant's motion to dismiss.

{¶ 6} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim, the court must presume that all factual allegations of the complaint are true and make reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 532 N.E. 2d 753. Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753.

{¶ 7} In the case at bar, plaintiff has not alleged or presented any evidence that defendant was responsible for the theft of his property. Plaintiff asserts defendant's responsibility lies in its failure to conduct a search to recover his property. However, in fact, a search was initiated after defendant learned of the theft. Plaintiff allowed two days to pass before he notified defendant of the theft. This delay in reporting contributed to defendant's inability to recover plaintiff's property.

{¶ 8} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault)

with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 10} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} The fact defendant supplied plaintiff with a locker and lock to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 12} The mere fact that a theft occurred is insufficient to show defendant's negligence. *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Custom.*

{¶ 13} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 14} The fact defendant supplied plaintiff with a locker box and access to a lock to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD. Defendant is not required to take extraordinary measures to provide inmates means to secure their property.

{¶ 15} Defendant conducted a timely search for plaintiff's property, as is required by *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD, however, due to plaintiff's delay in reporting the incident, no property was recovered.

{¶ 16} Therefore, defendant's motion to dismiss is GRANTED. Plaintiff's case is

dismissed.  Court costs are assumed by this court.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Ronald Evans, Jr., #557-363            Stephen A. Young
P.O. Box 7010                          Department of Rehabilitation
Chillicothe, Ohio  45601               and Correction
                                       770 West Broad Street
                                       Columbus, Ohio  43222


DRB/laa
Filed 1/22/10
Sent to S.C. reporter 5/7/10