[Cite as *Anthony v. Groves*, 2023-Ohio-4076.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

S. WENTWORTH ANTHONY, et al.

    Appellants

    v.

SAREESCE GROVES, et al.

    Appellees

C.A. No.    22CA011902

APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2022CVG01170

DECISION AND JOURNAL ENTRY

Dated: November 13, 2023

SUTTON, Presiding Judge.

{¶1} Plaintiffs-Appellants, S. Wentworth Anthony and Angela Camille, appeal the judgment of the Elyria Municipal Court dismissing their complaint against Defendants-Appellees Sareesce Groves and Marlon Groves. This Court affirms.

**II.**

**Relevant Background**

{¶2} Mr. Anthony and Ms. Camille filed a complaint and amended complaint for forcible entry and detainer and unjust enrichment against the Groves. In their amended complaint, Mr. Anthony and Ms. Camille alleged the Groves are "occupiers, squatters, and/or tenants [at 176 Warren Avenue, Elyria, Ohio 44035] without [Mr. Anthony's or Ms. Camille's] knowledge and/or consent but under an oral agreement with [Mr. Anthony's and Ms. Camille's] co-owner[.]" The Groves filed a motion to dismiss or in the alternative to certify the matter to common pleas court.

{¶3}   In their motion to dismiss, the Groves argued they are rightfully in possession of 176 Warren Avenue, Elyria, Ohio 44305 based upon a leasehold interest conveyed by Mr. Anthony and Ms. Camille's co-owner or tenant in common, Robert Woolbright.   Further, the Groves indicated Mr. Anthony and Ms. Camille may recover, pursuant to R.C. 5307.21, their fair share of any rental income from Mr. Woolbright, but they cannot lawfully evict the Groves from the property by forcible entry and detainer or seek monetary damages directly from the Groves.

{¶4}   In dismissing Mr. Anthony's and Ms. Camille's complaint, the trial court stated:

This is a dispute as to use and occupancy of land between its two tenants-in-common.   The complaint states that [the Groves] are in possession with the permission of and under terms established by a "verbal agreement with [Mr. Anthony's and Ms. Camille's] co-owner." [The Groves'] right to possession arises and continues through the co-owner.  Any injury to [Mr. Anthony and Ms. Camille] is from[,] and their remedy is against[,] the co-owner.  A common pleas court case is already pending between them on these issues.  [The Groves'] motion to dismiss under Civ.R. 12 (B)(6) is granted.

{¶5}   Mr. Anthony and Ms. Camille now appeal raising one assignment of error for our review.

## ASSIGNMENT OF ERROR

**IT WAS ERROR WHEN THE TRIAL COURT GRANTED [THE GROVES'] MOTION TO DISMISS THE COMPLAINT UNDER CIV.R. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED[.]**

{¶6}   This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.  A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk*

*Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶7}    In *Sullinger v. Reed*, 3d Dist. Hardin No. 6-20-14, 2021-Ohio-2872, ¶ 29-33, the Third District Court of Appeals addressed Ohio law as it relates to tenancy in common as follows:

"A tenancy in common is a joint interest in property" in which the cotenants have "a unity or right of possession." *Koster v. Boudreaux*, 11 Ohio App.3d 1, 5, 463 N.E.2d 39, 43 (6th Dist. 1982).

[A] tenant in common may still lease his or her undivided interest in the common property because, "when an owner conveys a leasehold estate[,] the owner retains his fee simple interest in the property." *Broerman v. Blanke*, 3d Dist. Auglaize No. 2-98-30, 1999 WL 280288, *2 (Apr. 23, 1999).

Further, ["w]hen an owner of real property conveys a leasehold interest in that property, he conveys to the lessee his right to possess the property, and the possession of the lessee is the possession of the lessor. That is, during the lease term, the lessee possesses the property for the lessor.["] *H & H Farms, Inc. v. Huddle*, N.D. Ohio No. 3:13 CV 371, 2013 WL 2251762, *5 (May 22, 2013). Thus, "Ohio law holds that a lease does not divest cotenants of their interests in property." *Id*. at *4.

As such, a tenant in common may "convey a leasehold interest transferring his right to physically possess" the common property without divesting any other cotenant of their interests. *H & H Farms,* at *6.

["]Ordinarily one tenant in common may by * * * lease * * *, confer on another person the right to occupy and use the property of the cotenancy as fully as the lessor * * * might have used or occupied it, if the lease * * * had not been granted.["] 86 Corpus Juris Secundum, Tenancy in Common, Section 130, at 385-386 (1997). Further, a tenant in common may convey such a lease of his or her undivided interest in the common property without obtaining the consent of any other cotenant. *H & H Farms, supra,* at *4-5; 86 Corpus Juris Secundum, Tenancy in Common, Section 130, 134, at 385-386, 390 (1997) ("A tenant in common may, without the authority of his or her cotenants, let his own share of the common property * * *.").

* * *

In a situation where a tenant in common has leased his or her undivided share in a tenancy in common without the assent or authorization of any other cotenant, the following is the general rule that applies to the non-leasing cotenants:

["o]rdinarily a tenant in common who has not assented to a lease by his or her cotenant is entitled to share possession with his cotenant's lessee, but he is not entitled to oust such lessee and take sole possession * * *. A nonleasing tenant in common who does not himself wish to cultivate the property may not prevent his cotenant's lessee from doing so * * *.["] 86 Corpus Juris Secundum, Tenancy in Common, Section 132, at 388 (1997). *See H & H Farms* at *2, 5 (holding that "a cotenant who takes possession is not subject to eviction" and that "possession of the lessee is the possession of the lessor[tenant in common]").

**{¶8}** The *Sullinger* Court, in applying the above stated law, explained:

In this case, Don and Doug were tenants in common who each had an equal, undivided interest in Silver Creek. [] As such, each of them "ha[d] a right to enter upon the common estate[ ] and take possession of the property * * *." As a tenant in common with an undivided interest in Silver Creek, Don "ha[d] the right to occupy the whole of the property * * *." Since Don had the right to "occupy the whole of the property," he could convey his right to "occupy the whole of the property" to a third party through a lease agreement.

For this reason, Don had the authority, in this case, to convey *his* rights to enter, possess, and cultivate his undivided interest in Silver Creek to the Reeds through a lease agreement by ratifying the 2017 Lease. Further, Don had the authority to convey *his* rights to the Reeds through a lease agreement without Doug's authorization. ("Ohio law permits one cotenant to lease his interest to a third party without his cotenant's agreement.")

(Emphasis in original.) (Internal citations omitted.) *Id*. at ¶ 36-37.

**{¶9}** In the present matter, like *Sullinger*, Mr. Anthony and Ms. Camille admitted the Groves had possession of the property through an agreement with their tenant in common, Mr. Woolbright. Mr. Woolbright, as co-owner of the property, had a legal right to convey a lease to the Groves without the authorization of Mr. Anthony or Ms. Camille. However, Mr. Anthony and Ms. Camille may also seek to obtain their fair share of any rental income from Mr. Woolbright as tenants in common.

**{¶10}** As such, Mr. Anthony's and Ms. Camille's cause of action, if any, is against Mr. Woolbright and not the Groves, who are merely the co-tenant's lessees. Thus, the trial court did not err in dismissing Mr. Anthony's and Ms. Camille's complaint against the Groves for failure to state a claim upon which relief can be granted.

**{¶11}** Accordingly, Mr. Anthony's and Ms. Camille's assignment of error is overruled.

III.

**{¶12}** For the reasons stated above, Mr. Anthony's and Ms. Camille's sole assignment of error is overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT

CARR, J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

HONEY ROTHSCHILD, Attorney at Law, for Appellants.

CHRISTOPHER G. MULVANEY, Attorney at Law, for Appellees.